UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MITCHELL S CASTILLE** | **CASE NO. 6:23-CV-01366** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE CO** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (Rec. Doc. 7). Defendant, State Farm Mutual Automobile Insurance Company, opposed the Motion (Rec. Doc. 9). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Plaintiff's motion be denied.

### Factual Background

Plaintiff filed this suit on April 28, 2023, in state court against State Farm, his uninsured motorist carrier, following an auto accident with an uninsured driver. (Rec. Doc. 5, p. 3-5). Plaintiff alleged in his Petition for Damages that he suffered back pain, shoulder pain, and neck pain and that his treating orthopedic surgeon

recommended surgery as a result of the accident. (Id. ¶4; 8). He prayed for general and special damages, including bad faith penalties and attorney's fees; although, he did not seek a specific amount of damages.

State Farm was served on May 8, 2023. (Rec. Doc. 5, p. 8). Following an extension of time to respond, State Farm filed an answer in state court on July 13, 2023. (Rec. Doc. 5, p. 11; 14). On September 29, 2023, State Farm removed the matter to this Court on the grounds of diversity jurisdiction, citing Plaintiff's response to a request for admission admitting that the amount in controversy exceeds the jurisdictional threshold of $75,000. (Rec. Doc. 1). Plaintiff filed the instant motion to remand, arguing State Farm's removal was untimely.

## Law and Analysis

The federal district courts have original jurisdiction over cases in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §1332. Generally, upon the filing of a motion to remand, the removing party bears the burden to prove that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Thus, State Farm, as the party seeking to invoke federal diversity jurisdiction under §1332, bears the burden of establishing that the parties are diverse, that the amount in controversy exceeds $75,000, and that it complied with removal procedures. *Garcia v. Koch Oil Co. of Texas Inc.,* 351 F.3d 636, 638 (5th Cir. 2003).

The parties do not dispute, and the Court agrees, that Plaintiff and State Farm are diverse. Additionally, the parties do not dispute that the amount in controversy exceeds $75,000. Rather, Plaintiff challenges the timeliness of State Farm's removal.

Generally, a defendant may remove a case within thirty days of service of a pleading indicating that removal is proper. 28 U.S.C. §1446(b)(1). When the initial pleading does not indicate whether removal is proper, the defendant may remove the case within thirty days "after receipt…through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b)(3).

In *Bosky v. Kroger Texas, LP*, the Fifth Circuit discussed the differing standards for removal based upon the initial pleading under §1446(b)(1) and removal based upon the receipt of subsequent pleadings or "other paper" under §1446(b)(3). *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002). Under (b)(1), the 30-day time limit commencing with the initial pleading is triggered "only when that pleading *affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Id*, quoting *Chapman v. Powermatic, Inc.,* 969 F.2d 160 (5th Cir.1992) (emphasis in original). Under (b)(3), the 30-day time limited commencing with the receipt of subsequent pleading or "other paper" is triggered by receipt of information which is

3

"unequivocally clear and certain." Holding that the latter standard is clearer than the former, the court reasoned:

> This clearer threshold promotes judicial economy. It should reduce "protective" removals by defendants faced with an equivocal record. It should also discourage removals before their factual basis can be proven by a preponderance of the evidence through a simple and short statement of the facts. In short, a bright-line rule should create a fairer environment for plaintiffs and defendants.

*Id.* at 211, adopting the Tenth Circuit's approach in *DeBry v. Transamerica Corp.*, 601 F.2d 480 (10th Cir.1979). Jurisprudence has often cited *Bosky* as a source of confusion regarding the standards for removal. See *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013). In response, the Fifth Circuit in *Mumfrey* offered clarification in distinguishing between "timeliness disputes," which concern whether the initial pleading affirmatively reveals a sufficient amount in controversy, and "amount disputes," which concern whether the removing defendant has established the amount in controversy. The court explained:

> The first type of dispute arose when the defendant removed a case within thirty days of receiving the initial pleadings—before the amount in controversy was clearly established—and the plaintiff moved to remand, objecting that the amount in controversy had not been met. In that situation, the defendant had to prove by a preponderance of the evidence that the amount-in-controversy requirement was satisfied. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir.1995) (quoting *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir.1993)). Almost all removal cases in the circuit fall into this first category—"amount disputes."
>
> The second situation—"a timeliness dispute"—occurs when the defendant did not remove within thirty days after receipt of the initial

pleadings under § 1446(b)'s first paragraph, but instead removed under the second paragraph, within thirty days of receiving some amended pleading or "other paper." In a timeliness dispute, the plaintiff tries to avoid removal by arguing that it was clear from the initial pleadings that the case was removable such that the defendant has missed the deadline and is forever barred from removing. Distinguishing between the two removal disputes is critical because different standards apply to each.

*Id.*, at 398.

As in *Mumfrey*, this case presents a timeliness dispute, governed by the *Chapman* standard, wherein the key inquiry is whether the original petition affirmatively reveals on its face that the plaintiff is seeking damages in excess of $75,000. The court explained:

> The *Chapman* court specifically declined to adopt a rule which would expect defendants to "ascertain[ ] from the circumstance[s] and the initial pleading that the [plaintiff] was seeking damages in excess of the minimum jurisdictional amount."
> ***
> Ultimately, *Chapman* lays out a "bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a *specific allegation that damages are in excess of the federal jurisdictional amount.*" Such a statement would provide notice to defendants that the removal clock had been triggered, but would not run afoul of state laws that prohibit pleading unliquidated damage amounts.

*Id.* at 399, quoting *Chapman,* 969 F.2d at 163 (emphasis in original).

Plaintiff alleged that he suffered personal injuries including back pain, shoulder pain, and neck pain, and that his orthopedic surgeon recommended surgery (Rec. Doc. 5, p. 3-5, ¶4-5; 8); however, Plaintiff did not include a specific allegation

5

that damages are in excess of $75,000. Thus, under *Chapman* and *Mumfrey*, the petition did not trigger the thirty-day deadline for mandatory removal under §1446(b)(1). State Farm removed on September 29, 2023, less than thirty days after receiving Plaintiff's response to a request for admission admitting that the amount in controversy exceeds $75,000. (Rec. Doc. 1). The removal was timely.

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiff's Motion to Remand (Rec. Doc. 7) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d

1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 1st day of November, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE